# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 98-20475
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUIDO MARCELO MORENO,

Defendant-Appellant.

Appeal from United States District Court
for the Southern District of Texas
(USDC No. H-97-0172-3)

April 19, 1999

Before POLITZ, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Guido Marcelo Moreno ("Moreno") appeals his jury trial conviction and sentence for two substantive counts of laundering money in violation of 18 U.S.C. § 1956(a)(2)(A). Moreno was indicted for conspiracy to launder money and on four counts of laundering money. Moreno pled not guilty and was tried by a jury. Moreno was acquitted of the conspiracy count and of two of the four money laundering counts. He was convicted on the remaining money laundering counts.

At sentencing, the district court overruled Moreno's objection that he was improperly awarded a three-level sentence adjustment because he knew that the proceeds being laundered were drug-related. Moreno was sentenced to 63 months' imprisonment on each count, with the sentences

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

to be served concurrently. Moreno was also sentenced to three years' supervised release, a $5,000 fine, and a $200 special assessment. Moreno filed a timely notice of appeal.

The evidence adduced at trial shows that Moreno was involved in a series of transactions with undercover agents of the United States Customs Service to send money from the United States to Colombia at rates higher than those charged by legitimate money transfer operations. He made numerous comments suggesting that he did not know or care from whence the money delivered to him by a succession of mysterious strangers came, and he conducted many of his transactions with the undercover agents in hushed tones or using code words commonly associated with drug trafficking and money laundering. Many of these conversations were recorded covertly and played for the jury. Moreno contends that this evidence was insufficient to convict him of money laundering and that his sentence should not have been enhanced because the evidence does not support a finding that he had actual knowledge that the money was drug-related as required under the sentencing guidelines. We will address each of these arguments in turn.

Moreno's initial argument is that the evidence was insufficient to support his conviction. The standard of review for sufficiency of the evidence is whether any reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt. See United States v. Martinez, 975 F.2d 159, 160-61 (5th Cir. 1992). The evidence, both direct and circumstantial, is viewed in the light most favorable to the jury's verdict. See United States v. Resio-Trejo, 45 F.3d 907, 910 (5th Cir. 1995). All credibility determinations and reasonable inferences are to be resolved in favor of the verdict. See id. at 911. In an appeal challenging the evidence's sufficiency, we may determine only whether the jury made a rational decision, not whether the jury's verdict was correct on the issue of guilt or innocence. See United States v. Jaramillo, 42 F.3d 920, 922-23 (5th Cir. 1995). "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence." United States v. Lopez, 74 F.3d 575, 577 (5th Cir. 1996). However, if the evidence tends to give "equal or nearly equal circumstantial support" to guilt and to innocence, reversal is

required since "a reasonable jury must necessarily entertain a reasonable doubt." Id. (internal quotations and citations omitted).

Moreno was convicted under 18 U.S.C. § 1956(a)(2)(A), which "criminalizes the transportation, transmission, or transfer of a monetary instrument or funds from a place inside the United States to a place outside the United States with the intent to promote the carrying on of a specified unlawful activity." United States v. Garcia Abrego, 141 F.3d 142, 162 (5th Cir. 1998). Moreno now argues that the Government failed to prove that he intended to promote an unlawful activity because it never showed at trial that the money involved in the transactions was actually drug-related. Moreno also asserts that the undercover agents continuously stressed that their operations were legal and observes that the transfer of money outside the United States is not illegal.

We acknowledge that the evidence showing that Moreno knew that the funds were drug proceeds is circumstantial, but this fact does not mandate acquittal. "Mental state is almost always proved by circumstantial evidence from which the jury must infer guilt beyond a reasonable doubt." United States v. Giraldi, 86 F.3d 1368, 1374 (5th Cir. 1996). In the instant case, abundant evidence was introduced from which a reasonable jury could have inferred guilt beyond a reasonable doubt. Specifically, the evidence showed that Moreno accepted large sums of cash from unknown persons who did not request receipts. Additionally, he did not require that the persons giving him the cash provide identification, despite the fact that he knew that legitimate money transfer companies required that he receive identification when a transfer involved more than $3,000. Moreno then transferred the cash to the undercover agents without receiving receipts and conducted these transactions in whispered tones, despite the fact that he was in a private office. On each occasion, the cash was largely in $20 denominations and was packaged in a way consistent with drug transactions; furthermore, the cash was always sent to Cali, Colombia, a center of drug activity. Moreno charged high fees for each transaction, and Government witnesses testified that such fees were generally paid in connection with illegal money-laundering transactions.

3

Finally, a videotape showed Moreno agreeing with one of the agents that the money's origin "doesn't interest us." Moreno testified at trial that he did not ask the strangers where the money came from because he "never ask[ed] anybody where they get their money." Moreno admitted that he did not "want to know" where the money came from. The district court gave an instruction that deliberate ignorance could support a finding that Moreno knew that the proceeds being transferred were illegal. In United States v. Hull, 160 F.3d 265 (5th Cir. 1998), a panel of this court approved the use of a deliberate ignorance instruction in a money laundering case where the other criteria for conviction had been met. See id. at 272. In the instant case, we find that, given Moreno's videotaped statements and trial testimony, a rational jury could have found that Moreno deliberately remained ignorant of the source of the money that he was transferring, and found him guilty beyond a reasonable doubt on this basis.

II

Moreno's second argument is that the district court erred in increasing his offense level pursuant to U.S.S.G. § 2S1.1(b)(1). This court reviews the application of the sentencing guidelines *de novo* and the district court's findings of fact for clear error. See United States v. Wimbish, 980 F.2d 312, 313 (5th Cir. 1992).

A defendant's base offense level for money laundering should be increased by three levels "[i]f the defendant knew or believed that the funds were the proceeds of an unlawful activity involving the manufacture, importation, or distribution of narcotics or other controlled substances." U.S.S.G. § 2S1.1(b)(1). Moreno makes substantially the same arguments to support his contention that the three-level increase should not have been applied as he did to support his argument that the evidence was insufficient to support conviction. The district court ruled that the jury's verdict "adequately supports the application of that enhancement." Given the factors discussed above, such a factual finding was not clear error.

**CONCLUSION**

4

We find that the evidence, both direct and circumstantial, viewed in the light most favorable to the jury's verdict, is sufficient for a rational trier of fact to have found Moreno guilty beyond a reasonable doubt. See Martinez, 975 F.2d at 160-61. We further find that the district court did not commit clear error in making a three-level upward adjustment, as the evidence adduced at trial supports the court's finding that Moreno "knew or believed" that the money being laundered was drug trafficking proceeds. See U.S.S.G. § 2S1.1(b)(1).

AFFIRMED.